IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETAVIA WILSON,<br>　　Plaintiff,<br><br>VS.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>ROBERT NASH, and<br>YULONDA JONES,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:20-cv-02965-X<br><u>JURY</u> |

**COMBINED REPLY IN SUPPORT OF STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, ROBERT NASH,
AND YULONDA JONES' MOTION TO DISMISS
AND RESPONSE TO DETAVIA WILSON'S MOTION TO REMAND**

ARMANDO DE DIEGO
State Bar No. 05635400
Email:　adediego@dediego.com

HARVEY G. JOSEPH
State Bar No. 11027850
Email:　hjoseph@dediego.com

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

1201 Griffin Street W
Dallas, Texas 75215-1030
Telephone:　(214) 426-1220
Facsimile:　(214) 426-1246

**ATTORNEYS FOR STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
ROBERT NASH, AND YULONDA JONES**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DETAVIA WILSON,** § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | |
| § | CIVIL ACTION NO. 3:20-cv-02965-X | |
| § | **JURY** | |
| **STATE FARM MUTUAL AUTOMOBILE** § | | |
| **INSURANCE COMPANY,** § | | |
| **ROBERT NASH, and** § | | |
| **YULONDA JONES,** § | | |
| Defendants. § | | |

**COMBINED REPLY IN SUPPORT OF STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, ROBERT NASH,
AND YULONDA JONES' MOTION TO DISMISS
AND RESPONSE TO DETAVIA WILSON'S MOTION TO REMAND**

**I.   Introduction**

In Response to Defendants' Motion to Dismiss, Plaintiff Detavia Wilson does not dispute that she has failed to fix any of the deficiencies that led this Court to dismiss her claims as "unripe" in the identical lawsuit Civil Action No. 3:19-cv-01875-S. Instead of simply following this Court's directive and obtaining the declaratory judgment that this Court held is a prerequisite to Plaintiff's unripe claims, she simply re-filed the same lawsuit. Further, as outlined at length in Defendants' Motion to Dismiss, Plaintiff's procedural ploys and improper gamesmanship have resulted in an unfortunate waste of the courts' and parties' time and resources. Defendants thus seeks dismissal of Plaintiff's claims, this time with prejudice, to put a stop to Plaintiff's expensive and improper tactics. Alternatively, Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") requests that, to halt Plaintiff's tactics, the Court retain jurisdiction over the Texas Insurance Code

2

claim against State Farm (while dismissing the improper claims against Defendants Robert Nash and Yulonda Jones), but conclude that Plaintiff has impliedly alleged the declaratory judgment claim (to determine liability in damages in the car crash case) that is a prerequisite to her Insurance Code claim, and litigate the declaratory judgment claim first while abating any potential extra-contractual allegations.

As Plaintiff points out, the Texas Supreme Court is poised to address in two mandamus proceedings a question implicated here—whether an insured must prove she is entitled to underinsured motorist ("UIM") benefits before she can sue for violation of the Insurance Code's prompt-settlement provision. *See* Response at 2; *In re State Farm Mut. Auto. Ins. Co. & Terecina Shahan* (19-0791), and *In re State Farm Mut. Auto. Ins. Co. & Todd Joseph Dauper* (19-0792). The Supreme Court set both cases for argument on December 2, 2020. Defendants believe that ample authority requires dismissal of Plaintiff's claims and denial of her Motion to Remand. But to the extent that this Court thinks the Supreme Court's decision in those matters may influence its determination of the pending motions, State Farm requests, in the further alternative, that the Court wait to rule on the Motions to Dismiss the claims against State Farm until the Supreme Court issues those opinions.

**II.    Plaintiff's claims should be dismissed because she improperly joined claims adjuster Nash and Jones and also failed to assert a viable claim against any Defendant under *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809 (Tex. 2006).**

This Court and others have rejected repeatedly the tactics Plaintiff undertakes here to avoid federal court jurisdiction through improper joinder of a local claims adjuster in a Texas state court action against a non-citizen insurance company. *Gonzales v. State Farm Lloyds*, 326 F. Supp.3d 346 (S.D. Tex. 2017); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp.3d 721, 724 (N.D. Tex. 2014); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp.3d 944, 949 (S.D. Tex. 2016).

3

Despite Plaintiff's contention to the contrary, the Fifth Circuit has instructed that the federal pleading standard applies when determining whether a plaintiff has stated a claim against a nondiverse defendant. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–01, 208 (5th Cir. 2016). Plaintiff's assertion that Defendants must prove there are **no** viable causes of action against Nash and Jones and show "no plausible set of facts under which Nash and Jones could be liable to Plaintiff for violations of the Texas Insurance Code" is not the standard. *See* Response at 4. Rather, the standard asks whether Plaintiff pleaded any viable causes of action against Nash and Jones in her state court pleadings in this case. *Id.* Because Plaintiff cannot establish the causes of action she actually pleaded against Nash and Jones, they are improperly joined. *See Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Lopez*, 197 S. Supp. 3d at 949. Here, the only claims Plaintiff makes against Defendants are for their alleged violations of Texas Insurance Code sections 541.060(a)(2), (a)(3), and (a)(7). As Defendants argued in Civil Action No. 3:19-cv-01875-S—which is identical to this action—the Court should hold that Plaintiff improperly joined Nash and Jones. The Court should therefore grant Defendants' Motion to Dismiss the claims against Nash and Jones and should deny Plaintiff's Motion to Remand.

   The Court should also dismiss Plaintiff's Texas Insurance Code claims against State Farm because they are unripe. There is no authority—and Plaintiff cites none—that would permit her to escape the prerequisite that she is "legally entitled to recover" from an underinsured motorist before the she can recover on extracontractual causes of action against it for failing to promptly pay, failing to settle, or failing to investigate her UIM claim. Plaintiff points out the *Brainard* court stated that "the insured is not required to obtain a judgment against the tortfeasor," but ignores that the *Brainard* court also explained that "[t]he UIM insurer is obligated to pay damages which the

4

insured is "legally entitled to recover" from the underinsured motorist." 216 S.W.3d at 818. The court clarified that:

> [T]his language means **the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist.** Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. Where there is no contractual duty to pay, **there is no just amount owed**. Thus, under Chapter 38, a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist.
>
> ***
>
> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. **Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.**

*Id.* (emphasis added) (internal citations omitted); *see also Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex. 2000). Accordingly, "an insured may recover attorney's fees under Chapter 38 only if the insurer does not tender the UIM benefits within thirty days after the trial court signs a judgment establishing liability and un[]insured status of the other motorist." *State Farm Mut. Auto. Ins. Co. v. Nickerson*, 216 S.W.3d 823, 824 (Tex. 2006).

The *Henson-Brainard-Nickerson* trilogy Defendants outline in their Motion to Dismiss leaves no doubt that UIM coverage is conditioned on the insured's legal entitlement to recover damages from an underinsured motorist. State Farm thus is not obligated to pay UIM benefits to Plaintiff until she first obtains a judicial determination establishing an underinsured motorist's liability and the amount of damages caused by the accident. *See Brainard*, 216 S.W.3d at 818. Because Plaintiff is "not entitled to receive the benefits earlier," State Farm as a matter of law cannot breach obligations unless it "withhold[s] benefits **after** the insured has obtained a judgment establishing the liability and underinsured status of the other motorist." *Id.* at 815 (citation omitted)

5

(emphasis added). And if Plaintiff does not prevail in obtaining such a judgment, there is no coverage for UIM benefits and no benefits owed—which would foreclose Plaintiff's extra-contractual claims. *See id.*; *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (extra-contractual claims are "negated by the determination in the breach of contract claim that there was no coverage"); *see also Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

No authority permits Plaintiff to escape the prerequisite to the recovery of UIM benefits merely by opting to allege extra-contractual claims alone. Texas appellate courts have applied the *Henson-Brainard-Nickerson* principles to limit an insured's extracontractual claims such as those underlying Plaintiff's claims for recovery of insurance benefits. *E.g.*, *Weber v. Progressive Cty. Mut. Ins. Co.*, No. 05-17-00163-CV, 2018 WL 564001, at *2 (Tex. App.—Dallas Jan. 26, 2018, pet. denied) (mem. op.); *Bryant v. Progressive Cty. Mut. Ins. Co.*, No. 05-17-01023-CV, 2018 WL 6521853, at *5-6 (Tex. App.—Dallas Dec. 12, 2018, no pet.) (mem. op.). The Dallas Court of Appeals considered and squarely rejected the same argument Plaintiff argument makes here—that a UIM insurer violates section 541.060(a)(2) because its liability was "reasonably clear" **before** the insured obtained a judgment establishing entitlement to UM/UIM benefits. It explained:

> To establish the liability of the uninsured motorist, "the insured must establish the uninsured motorist's fault and the extent of the resulting damages before becoming entitled to recover UIM benefits." "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." "Thus, an insurer generally cannot be liable on bad faith claims arising from its denial or failure to investigate claims that it has no duty to pay."
>
> ***
>
> Progressive's liability on the UIM claim was not "reasonably clear until the trial court signed the judgment on the claim. Progressive paid the full amount of the judgment plus accrued post-judgment interest, which was the full amount to which Bryant was entitled. Therefore, the evidence conclusively proved appellees made a prompt, fair, and equitable settlement of the claim after their liability became reasonably clear.
>
> ***

6

> As *Brainard* makes clear, [Progressive] had no duty to make any payment on Bryant's claim until the judgment in the UIM case finding Warlow, the uninsured driver, caused Bryant's damages and the amount of those damages. Therefore, the fact that appellees offered Bryant less than the amount of his medical expenses and lost wages did not breach any duties they owed to Bryant.
>
> \*\*\*
>
> Appellees had no obligation to make any payment or settlement in this case before the trial court rendered judgment.

*Id.* (emphasis added) (internal citations omitted); *see also Am Nat'l Cty. Mut. Ins. Co. v. Holland*, No. 12-18-00141-CV, 2019 WL 1272954, at *3 (Tex. App.—Tyler Mar. 20, 2019, no pet.) (mem. op.) ("[A]n insured generally must first establish that the insurer is liable on the contract before the insured can recover on extracontractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim"). These authorities reject Plaintiff's contention that liability on her UIM claim was "reasonably clear" and that State Farm breached extra-contractual statutory duties by failing to pay her claim before she obtained a judgment establishing that she is "legally entitled to recover" from an uninsured or underinsured motorist. The Court should therefore also grant Defendants' Motion to Dismiss the claims against State Farm.

### III. Plaintiff has failed to allege a valid cause of action against Nash or Jones under Texas Insurance Code sections 541.060(a)(2), (a)(3), or (a)(7).

The rationale of these cases applies with special force to Plaintiff's claims involving State Farm employees. Nash and Jones are a Claims Specialist and a Team Manager, respectively, and as such they lack the power to provide Plaintiff contractual insurance benefits—i.e., they cannot simply write a check to Plaintiff for insurance benefits. Only State Farm can provide those benefits, and only State Farm has the obligation to do so if Plaintiff meets the prerequisites to recovery under Texas law. It is the failure to pay UIM benefits once liability and damages are established

7

that triggers extra-contractual liability under the Texas Insurance Code in UIM cases. And only State Farm has the power to pay those benefits. To find that Nash and Jones have been properly joined would be to hold that they can violate sections 541.060(a)(2), (a)(3), or (a)(7) for their failure to do something they lack a contractual, statutory, or common law obligation to perform.

An individual adjuster does not have settlement authority on behalf of the insurer. *E.g.*, *Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.*, No. 3:16-CV-2376-D, 2016 WL 8674683, at *3 (N.D. Tex. Nov. 18, 2016); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015). Rather, an adjuster's job is simply to assess the damage. *Rockbrook*, 2016 WL 8674683, at *3; *Mainali*, 2015 WL 5098047, at *4. An individual adjuster cannot be individually liable under section 541.060(a)(3) because, as an adjuster, he lacks an obligation to provide a policy holder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim. That obligation belongs to the insurer—here, State Farm. *Rockbrook*, 2016 WL 8674683, at *3; *Mainali*, 2015 WL 5098047, at *4; *see also Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016).

The bad behavior the Insurance Code targets is an insurer's refusal to pay under certain circumstances, and those who can be held responsible are the insurance company or the individual at the insurance company who refuses to pay the claim—not the individual adjuster responsible for conducting an investigation. Even under the standard Plaintiff herself espouses, there is no "reasonable expectation that discovery will reveal evidence to support the allegation[s]," making Plaintiff's joinder of Nash and Jones improper. *See* Response at 6 (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556 (2007)).

8

Plaintiff's reliance on *Garrison* and *Gasch* for the proposition that adjusters can be liable for violating section 541.060 is misplaced. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). In *Garrison*, the Texas Supreme Court held that an insurance agent soliciting business on behalf of Liberty Mutual (and while authorized to explain and interpret policy provisions and premium calculations to customers) could be held individually liable under the Texas Insurance Code for misrepresenting policy terms to the customer. *Garrison*, 966 S.W.2d at 486. But *Garrison* involved an **agent** selling a policy—not an adjuster handling a claim. *Id.* And though the Court briefly noted that an adjuster could potentially constitute a "person" under the statute, that issue was not before or decided by the Court, and nothing in the Court's analysis stands for the proposition that the Texas Insurance Code applies in all instances to the conduct of an individual adjuster handling an insurance claim.

Finally, *Garrison* does not concern a UIM claim and so it does not analyze the "unique" case law that applies to UIM cases under *Brainard*, making it inapplicable to this dispute. *See* 216 S.W.3d 809. In any event, the specific holdings set forth in Defendants' Motion to Dismiss, and outlined below, make clear that an adjuster/claims representative cannot be individually liable under sections 541.060(a)(2), (a)(3), or (a)(7), and thus supersede *Garrison*'s general discussion.

For similar reasons, *Gasch* is also inapposite. In that case the Fifth Circuit acknowledged, pursuant to the *Erie* doctrine and under *Garrison*, that an adjuster can be a "person" and subject to provisions of the Texas Insurance Code. But it does not establish that an individual adjuster can be liable under **every** section of the Texas Insurance Code. Like *Garrison*, *Gasch* did not involve a UIM claim, which entails specific requirements under Texas law. Also as with *Garrison*, the more recent case law Defendants cite in their Motion to Dismiss (and again below) specifically

holds that an individual adjuster cannot be liable under sections 541.060(a)(2), (a)(3), or (a)(7). That case law controls this inquiry, and it establishes without question that Plaintiff's statutory cause of action against Nash and Jones cannot serve as the basis for individual liability. For example:

Cases holding that section 541.060(a)(2) does not apply to an individual adjuster/claims representative: *University Baptist Church Fort Worth v. Lexington Ins. Co.*, No. 4:17-CV-962-A, 2018 WL 2372645 at * 4 (N.D. Tex. Nov. 11, 2018); *Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550 at * 3 (N.D. Tex. Nov. 4, 2016); *Lopez*, 197 F. Supp. 3d at 949; *Merritt Buffalo Events Ctr. L.L.C. v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217 at * 4 (N.D. Tex. Mar. 11, 2016); *Mainali*, 2015 WL 5098047 at * 4; *Messersmith*, 10 F. Supp. 3d at 724; *Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, No. 01–15–01096–CV, 2016 WL 3748780 at * 3 (Tex. App.–Houston [1st Dist.] July 12, 2016, no pet.).

Cases holding that that section 541.060(a)(3) does not apply to an individual adjuster/claims representative: *University Baptist Church*, 2018 WL 2372645 at * 4; *Ministerio International Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550 at *3 (N.D. Tex. Nov. 4, 2016); *Lopez*, 197 F. Supp. 3d at 949; *McClelland v. Chubb Lloyd's Ins. Co.*, No. 5:16-cv-00108, 2016 WL 5791306 at * 3 (W.D. Tex. Sept. 30, 2016); *Mainali Corp v. Covington Specialty Ins. Co.*, No. 3:15–CV–1087–D, 2015 WL 5098047 at * 4 (N.D. Tex. Aug. 31, 2015); *Tex. City Patrol*, 2016 WL 3748780 at * 3.

Cases holding that Section 541.060(a)(7) does not apply to an individual adjuster/claims representative: *University Baptist Church Fort Worth v. Lexington Ins. Co.*, No. 4:17-CV-962-A 2018 WL 2372645 at * 4 (N.D. Tex. Nov. 10, 2018); *Ministerio Intern'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550 at * 3 (N.D. Tex. Nov. 4, 2016);

10

*McClelland*, 2016 WL 5791306, at * 3; *Merritt*, 2016 WL 931217 at * 4; *Messersmith*, 10 F. Supp. 3d at 724; *Tex. City Patrol*, 2016 WL 3748780 at * 3.

Finally, Nash and Jones were disclosed agents representing a disclosed principal—State Farm. And Plaintiff had actual awareness that Nash and Jones were acting on State Farm's behalf. Texas law is well settled that a disclosed agent for a disclosed principal is not liable for actions taken on the principal's behalf. *Roe v. Larymon*, 318 S.W.3d 502, 521 (Tex. App.—Dallas 2010, no pet.); *City of Houston v. First City*, 827 S.W.2d 462, 480 (Tex. App.—Houston [1st Dist. 1992, writ denied); *Sands v. Lemmerhirt*, 262 S.W. 125, 126 (Tex. App.—Dallas 1924, no writ.). That is, the acts of agents within the scope of their authority, on behalf of a disclosed principal, are considered the acts of the principal, and involve no personal liability on the agent's part. *Roe*, 318 S.W.3d at 521; *First City*, 827 S.W.2d at 480; *Sands*, 262 S.W. at 126. Because Nash and Jones were State Farm's disclosed agents, they cannot be held liable for acts within the scope of their authority. Plaintiff has not alleged a valid cause of action against them under the Texas Insurance Code. The Court should therefore grant Defendants' Motion to Dismiss the claims against Nash and Jones and should deny Plaintiff's Motion to Remand.

## VI. Conclusion & Prayer

For all of the reasons stated above, Defendants State Farm, Nash, and Jones respectfully pray that this Court grant their Motion to Dismiss and deny Plaintiff's Motion to Remand. Alternatively, Defendant State Farm prays that the Court conclude that Plaintiff has impliedly asserted a claim against Defendant State Farm to recover UIM benefits under the Federal Declaratory Judgment Action, which should be tried before Plaintiff's Texas Insurance Code claims against Defendant State Farm.

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By: /s/ Armando De Diego
ARMANDO DE DIEGO
State Bar No. 05635400
Email: adediego@dediego.com

HARVEY G. JOSEPH
State Bar No. 11027850
Email: hjoseph@dediego.com

1201 Griffin St W
Dallas, Texas 75215-1030
Telephone: (214) 426-1220
Facsimile: (214) 426-1246

**ATTORNEYS FOR DEFENDANTS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ROBERT NASH, AND YULONDA JONES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 29th day of October, 2020, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Mr. Carlos R. Cortez<br>Ms. Megna Wadhwani<br>**CORTEZ LAW FIRM, PLLC**<br>12801 N. Central Expwy., Suite 360<br>Dallas, Texas 75243 | ✔ Via ECF<br>_____ Via Certified Mail, RRE<br>_____ Via Facsimile<br>_____ Via Regular Mail |

        /s/    Armando De Diego
            ARMANDO DE DIEGO