UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DETAVIA WILSON, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-CV-02965-X |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, ROBERT NASH, and | § | |
| YULONDA JONES, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Detavia Wilson sued State Farm Mutual Automobile Insurance Company (State Farm), Robert Nash, and Yulondia Jones[1] for alleged violations of the Texas Insurance Code. Wilson filed a motion to remand alleging defendants Jones and Nash defeat diversity jurisdiction under 28 U.S.C. § 1332. [Doc. No. 8]. For the reasons below, the Court **DISMISSES WITHOUT PREJUDICE** defendants Jones and Nash, **DENIES** the motion to remand, and gives Wilson twenty-eight (28) days to replead to cure the pleading defects identified in this opinion.

### I. Factual Background

Wilson was injured in a hit-and-run motor vehicle collision in 2016 in Dallas County, Texas. The third-party tortfeasor had liability insurance only up to

---

[1] The defendants contend in their notice of removal that Yulonda Jones should be Yulondia Jones. The Court can only address such a discrepancy in a motion to amend the caption with proper evidentiary support. Because no such motion is on file, the Court must continue to refer to Jones as she was pled.

1

$30,000.00, which Wilson accepted. But that insurance was inadequate to cover her past and future medical expenses. Therefore, Wilson sought under-insured motorist benefits from State Farm.

In 2018, Wilson sent to State Farm documents to evaluate the claim for benefits. Later, State Farm insurance adjuster Nash (acting under authority from Nash's supervisor Jones and State Farm) contacted Wilson's counsel and requested some of Wilson's other records. After that call, Wilson filed suit claiming that State Farm, Jones, and Nash violated the Texas Insurance Code ("the Code") by failing to settle Wilson's claims in a manner consistent with the Code.

Wilson argues the Court does not have jurisdiction over this controversy because it lacks complete diversity. Accordingly, Wilson argues that the motion to remand should be granted. State Farm argues that Wilson improperly joined Nash and Jones to defeat diversity jurisdiction and therefore the motion to remand should be denied. State Farm further argues that its motion to dismiss should be granted, as Wilson failed to properly plead any claim against State Farm.

## II. Legal Standards

The Court must address the subject-matter jurisdiction question of diversity first before proceeding to any other issue. For diversity jurisdiction to exist, there must be complete diversity between the parties and at least $75,000 in controversy.[2]

---

[2] 28 U.S.C. § 1332.

Complete diversity requires that no plaintiffs are citizens of the same state as any defendant.[3]

Claims against improperly joined defendants must be dismissed, as a federal court cannot have jurisdiction over claims against nondiverse defendants who are improperly joined.[4] Improper joinder occurs when there is either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff cannot establish a cause of action against the non-diverse party in state court.[5] "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[6] This "no reasonable basis" standard is the federal pleading standard.[7] Accordingly, the district court strips out all conclusory statements and looks to the remaining statements to determine if a claim has been adequately pled such that the claim is plausible on its face.[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[9]

---

[3] *Id.*

[4] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

[5] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[6] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[7] *Int'l Energy*, 818 F.3d at 202.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.* Moreover, as the United States Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." 550 U.S. 544, 555 (2007) (quotation marks omitted).

To resolve the question of improper joinder, the Court should either: (1) engage in a Rule 12(b)(6)-type analysis or (2) pierce the pleadings and conduct a summary inquiry to determine if there is a possibility of recovery.[10] The decision regarding the procedure for any given case is within the discretion of the Court.[11] But if the Court chooses door number one, it must apply the same standard as a Rule 12(b)(6) analysis.[12]

### III. Analysis

In a prior case involving these parties, this Court held the complaint unripe because liability determination under the under-insured motorist policy had not yet occurred.[13] Then Supreme Court of Texas has recently held that for Code-only complaints, like this case, courts should bifurcate the matter into two proceedings concerning: (1) whether the insured is entitled to under-insured motorist benefits and (2) whether violations of the Code have been committed.[14] So that is the process this Court will eventually follow.

But more fundamental and pressing problems exist in this case. As the Court will explain, at this point Wilson only pleads conclusory allegations against Jones and

---

[10] *Int'l Energy*, 818 F.3d at 207.

[11] *Smallwood*, 385 F.3d at 573.

[12] *See Int'l Energy*, 818 F.3d at 208 ("Our precedent is clear: A federal court must apply the federal pleading standard."). The Court recognizes that precedent on this issue has been less than crystal clear (and the Fifth Circuit agrees). *Id.* at 202.

[13] *Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-01875-X, (N.D. Tex. Jan. 15, 2020) (Starr, J.) (holding that because no judgment had established the tortfeasor's liability to Wilson the claims against State Farm were not ripe).

[14] *In re State Farm Mutual Automobile Insurance Co.*, No. 19-0791, 2021 WL 1045651, at *1 (Tex. Mar. 19, 2021).

4

Nash. And if all allegations are conclusory, then Jones and Nash are improperly joined and the claims against State Farm may be dismissed. Once Wilson addresses the defects the Court points out in her complaint, the Court may determine jurisdiction. Then, if the Court finds jurisdiction, the Court may assess merits issues and could proceed with bifurcation. However, the Court must begin by determining subject-matter jurisdiction by deciding whether Jones and Nash are improperly joined.

The defendants argue this Court has subject-matter jurisdiction over the controversy, as nondiverse defendants Jones and Nash are improperly joined because there is no viable claim against either of them.

The Court finds that there is no viable claim against Jones or Nash (at least not yet) because Wilson does not satisfy federal pleading standards. There must be adequate facts pled to make the claims alleged plausible on their face—conclusory statements or recitations of the elements of the cause of action are insufficient.[15] Wilson's complaint contains hardly any non-conclusory statements—she frequently quotes only the Code and elaborates no further.

For example, consider Wilson's section 541.060(a)(3) claim. Wilson alleges that the "Defendants violated §541.060(a)(3) because Defendants did not provide 'a reasonable explanation of the basis in the policy, in relation to the facts or applicable law' for the decision Defendant Nash made. In fact, Defendants have provide[d]

---

[15] *Iqbal*, 556 U.S. at 678–79.

nothing to Plaintiff at this time."[16]  Perhaps this appears to sufficiently plead that the defendants needed to provide something and the defendants provided nothing. However, the statute, when read in full, requires more:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary . . . failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim . . . .[17]

The statute requires either a (1) denial of a claim or (2) offer of a compromise settlement. Wilson never pleads that the defendants denied her claim and did not plead any facts indicating an offer of compromise settlement.[18] In fact, Wilson pleads that the defendants never communicated or committed to a final decision,[19] so Wilson does not state a claim under 542.060(a)(3).

As another example of the inadequacy of Wilson's pleadings, consider the alleged violation of section 541.060(a)(7): "Defendants violated § 541.060(a)(7) because Defendants are 'refusing to pay a claim without conducting a reasonable investigation with respect to the claim.'"[20] This is the extent of relevant facts pled under this claim. Wilson pled a paradigmatic threadbare conclusory statement that is facially insufficient under federal pleading standards.[21] So, Wilson fails to show a

---

[16] Doc. No. 1 at 9.

[17] TEX. INS. CODE § 541.060.

[18] Doc. No. 1 at 9.

[19] *Id.*

[20] *Id.*

[21] *See Iqbal*, 556 U.S. at 678.

6

possibility of recovery against Jones and Nash for the violation listed under section 541 of the Code. And any claims arising under section 542 of the Code apply only to insurers, not individual adjusters or employees.[22]

Wilson states no viable claim against Jones or Nash. The Court finds Jones and Nash were improperly joined to the case as there is no possibility of recovery against them as pled in the complaint. Therefore, defendants Jones and Nash are **DISMISSED WITHOUT PREJUDICE**.[23] Accordingly, Wilson's motion to remand has no basis and is **DENIED**.

## IV. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** defendants Jones and Nash, **DENIES** the motion to remand, and permits Wilson to replead within twenty-eight (28) days of this order for the purpose of addressing the defects this order identified.[24]

---

[22] TEX. INS. CODE § 542.002 ("This subchapter applies to the following insurers whether organized as a proprietorship, partnership, stock or mutual corporation, or unincorporated association: (1) a life, health, or accident insurance company; (2) a fire or casualty insurance company; (3) a hail or storm insurance company; (4) a title insurance company; (5) a mortgage guarantee company; (6) a mutual assessment company; (7) a local mutual aid association; (8) a local mutual burial association; (9) a statewide mutual assessment company; (10) a stipulated premium company; (11) a fraternal benefit society; (12) a group hospital service corporation; (13) a county mutual insurance company; (14) a Lloyd's plan; (15) a reciprocal or interinsurance exchange; and (16) a farm mutual insurance company.").

[23] When a court finds that a party has been improperly joined, that party must be dismissed without prejudice because the dismissing court never had jurisdiction over the nondiverse party. *Int'l Energy,* 818 F.3d at 209.

[24] The Court notes that the conclusory pleading defects the individual defendants may well apply with equal force to State Farm. In other words, the only allegations against State Farm appear to be substantially similar to the conclusory allegations made towards Jones and Nash. Therefore, because the Court applies a 12(b)(6)-type analysis to assess whether Jones and Nash are improperly joined and the Court found that the allegations against Jones and Nash did not survive that analysis, the Court is likely to find a similar result with respect to the conclusory allegations against State Farm if Wilson does not cure the defects in Wilson's complaint. However, the Court will not rule on the merits of a motion to dismiss without firmly establishing jurisdiction.

**IT IS SO ORDERED** this 9th day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE