UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETAVIA WILSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-CV-02965-X |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY; ROBERT NASH; and | § | |
| YULONDIA JONES, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Detavia Wilson sued State Farm Mutual Automobile Insurance Company (State Farm), Robert Nash, and Yulondia Jones for alleged violations of the Texas Insurance Code. Before the Court are another motion to remand from Wilson and another motion to dismiss from the defendants [Doc. No. 16]. Previously, the Court held that Wilson's conclusory pleading did not meet federal standards, dismissed Wilson's complaint without prejudice, but gave Wilson twenty-eight days to cure those defects. Wilson filed an amended pleading cured the defects. State Farm raised new arguments on why Nash and Jones were improperly joined. The Court disagrees and concludes that Wilson has now stated a plausible claim against Nash and Jones. For the reasons explained below, Court **GRANTS** Wilson's motion to remand and **DISMISSES AS MOOT** State Farm's motion to dismiss.

1

## I. Factual Background

Wilson was injured in a hit-and-run motor vehicle collision in 2016 in Dallas County, Texas.  The third-party tortfeasor had liability insurance only up to $30,000, which Wilson accepted.  But that insurance was inadequate to cover her past and future medical expenses.  Therefore, Wilson sought under-insured motorist benefits from State Farm.

In 2018, Wilson sent to State Farm documents to evaluate the claim for benefits.  Later, State Farm insurance adjuster Nash (acting under authority from Nash's supervisor Jones and State Farm) contacted Wilson's counsel and requested some of Wilson's other records.  After that call, Wilson filed suit claiming that State Farm, Jones, and Nash violated the Texas Insurance Code by failing to settle Wilson's claims in a manner consistent with the Code.

The defendants removed the case to federal court, arguing that Nash and Jones were improperly joined, and that there is diversity between Wilson and State Farm. The Court in a prior opinion agreed, holding that the allegations against Nash and Jones flunked federal pleading standards.  And the Court gave Wilson a chance to replead.  Wilson did, now also pleading that she seeks less than the federal $75,000 amount in controversy.  State Farm again moved to dismiss.  And Wilson again moved to remand, arguing its amended complaint meets federal pleading standards as to Nash and Jones, resulting in a lack of diversity that warrants remand.

## II. Legal Standards

The Court must address the subject-matter jurisdiction question of diversity first before proceeding to any other issue.  For diversity jurisdiction to exist, there must be complete diversity between the parties and at least $75,000 in controversy.[1] Complete diversity requires that no plaintiffs are citizens of the same state as any defendant.[2]

Claims against improperly joined defendants must be dismissed, as a federal court cannot have jurisdiction over claims against nondiverse defendants who are improperly joined.[3]  Improper joinder occurs when (1) there is "actual fraud in the pleading of jurisdictional facts," or (2) the plaintiff cannot "establish a cause of action against the non-diverse party in state court."[4]

> "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5]

This "no reasonable basis" standard is the federal pleading standard.[6]  Accordingly, the district court strips out all conclusory statements and looks to the remaining statements to determine if a claim has been adequately pled such that the claim is

---

[1] 28 U.S.C. § 1332.

[2] *Id.*

[3] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[5] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[6] *Int'l Energy*, 818 F.3d at 203–04.

plausible on its face.[7]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]

To resolve the question of improper joinder, the Court should either (1) engage in a Rule 12(b)(6)-type analysis or (2) pierce the pleadings and conduct a summary inquiry to determine if there is a possibility of recovery.[9]  The decision regarding the procedure for any given case is within the discretion of the Court.[10]  But if the Court chooses door number one, it must apply the same standard as a Rule 12(b)(6) analysis.[11]

### III. Analysis

The Court concludes, as explained below: (1) the amended pleading seeking less than $75,000 does not deprive the Court of jurisdiction and (2) Wilson now states a plausible claim against Nash and Jones.

### A. Amount in Controversy

As an initial matter, the Court must address Wilson's new pleading claiming she seeks less than the federal $75,000 amount in controversy.[12]  State Farm points out a Fifth Circuit holding that "jurisdictional facts are determined at the time of

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*  Moreover, as the United States Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." 550 U.S. 544, 555 (2007) (quotation marks omitted).

[9] *Int'l Energy*, 818 F.3d at 207.

[10] *Smallwood*, 385 F.3d at 573.

[11] *See Int'l Energy*, 818 F.3d at 208 ("Our precedent is clear: A federal court must apply the federal pleading standard.").  The Court recognizes that precedent on this issue has been less than crystal clear (and the Fifth Circuit agrees).  *Id.* at 202.

[12] *See* Doc. 14 at 2 (seeking compensatory damages of $30,000 and attorney's fees of $40,000).

removal, and consequently post removal events do not affect that properly established jurisdiction."[13]   Wilson never responded to that, thus conceding the point.   More fundamentally, the Court told Wilson on repleading to replead "for the purpose of addressing the defects this order identified."[14]   Those defects were conclusory pleadings as to Nash and Jones.   Changing the pleadings on the amount sought was not a permissible change.   Accordingly, Wilson's attempt to change the amount she seeks (whether effective or not) does not deprive the Court of jurisdiction.

## B. Pleading Defects on Nash and Jones

Next, the Court must determine if Wilson fixed her conclusory pleadings as to Nash and Jones.   She did.

The track the Court uses for improper joinder is still the Rule 12(b)(6)-style track and not a *Smallwood* track for a merits analysis.   Previously, the Court concluded that the pleadings as to Nash and Jones were too conclusory to credit.   The Court's first specific example was that any claim under section 541.060 of the Insurance Code wasn't viable because Wilson never pled that Nash and Jones denied her claim or offered a compromise of settlement (when Wilson pled failure to communicate a final decision).   The second example was that Wilson originally pled that the defendants violated section 541.060(a)(7) by refusing to pay a claim without conducting a reasonable investigation.

---

[13] *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

[14] Doc. No. 13 at 7.

5

So how do Wilson's current pleadings against Nash and Jones fare?  Better. The complaint says Nash called Wilson's counsel at Jones's request and asked for five years of medical records.   When counsel asked if that included OB/GYN visits, which counsel said had no bearing on her injuries, Nash allegedly replied, "Sure, why not?" When counsel appealed to Jones, Jones allegedly stated they would not pay benefits without  OB/GYN  records.    Wilson  argues  these  facts  demonstrates  breach  of Insurance Code sections 541.060(a)(2) and 541.060(a)(3).

Instead of attacking these allegations as sparsely pled, State Farm argues that individual  adjusters  cannot  be  held  liable  under  Texas  Insurance  Code  sections 541.060(a)(2) and 541.060(a)(3).[15]  Wilson disputes that, noting that federal district courts have recognized such claims and the Texas Supreme Court cases recognized such claims.  The Court concludes these allegations as to Nash and Jones are now sufficient.

The Insurance Code allows "[a] person who sustains actual damages [to] bring an action against another person for those damages caused by the other person engaging in an act or practice . . . defined . . . to be an unfair method of competition or an unfair or deceptive practice in the business of insurance."[16]  The Insurance Code defines "Person" to be an individual or business association "engaged in the business of  insurance"  and  specifically  "include[es]  an  . . . adjuster."[17]    Section  541.060

---

[15] To be fair, State Farm did attack these allegations as conclusory, but only in its reply and not its motion to dismiss.  Notwithstanding State Farm's waiver of this argument, the Court finds the repled allegations to be sufficient.

[16] TEX. INS. CODE § 541.151(1).

[17] *Id.* § 541.002(2).

6

("Unfair Settlement Practices") defines the prohibited conduct as, "unfair method[s] of competition or . . . unfair or deceptive act[s] or practice[s] in the business of insurance."[18]

So adjusters can be sued.  But where exactly is the line on suing adjusters for bad faith or failure to promptly pay under the Insurance Code?  Judge Kinkeade already figured that out.[19]  In parsing cases dismissing claims against adjusters and allowing claims against adjusters, Judge Kinkeade discerned that the common theme was whether the adjuster had "settlement authority over the given dispute."[20] Dismissals of adjusters were because they had no settlement authority and thus could not act in bad faith or unreasonably deny a claim they had no authority to settle.[21] By contrast, an adjuster who has settlement authority (which can be demonstrated by making an offer of compromise) could act in bad faith (such as failing to explain why an offer of compromise was for less than medical expenses incurred).[22]  If there is doubt, federal courts resolve the question in favor of remand.[23]

---

[18] *Id.* § 541.060(a).

[19] This Court doesn't admit Judge Kinkeade has gotten anything else right.  But he nailed this particular question.

[20] *James v. Allstate Fire & Cas. Ins. Co.*, 475 F. Supp. 3d 578, 583 (N.D. Tex. 2020) (Kinkeade, J.).

[21] *Id.* ("[A]n adjuster cannot act in bad faith where he cannot act at all.");  *see also id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J) ("Zimmer cannot be held liable under this section because, as an adjuster, Zimmer does not have settlement authority on behalf of Nationwide; her sole role is to assess the damage.").

[22] *Id.* ("Torres offered Plaintiff $17,459.04. Because Torres did have the authority to offer a settlement, and did so in the present case, the Court finds that Torres 'engaged in the business of insurance.' Because Torres 'engaged in the business of insurance,' he can be sued in his individual capacity as an adjuster.").

[23] *Id.* at 584; *Trejo v. Allstate Fire & Cas. Ins. Co.*, 3:20-CV-0786-K, 2019 WL 4545614, at *6 (N.D. Tex. July 28, 2020) (Kinkeade, J.) ("[T]he split in authority regarding the scope of an insurance

So did Nash and Jones have settlement authority or not? Wilson's complaint alleges Nash and Jones had settlement authority for approving Wilson's settlement with the tortfeasor. Wilson's motion to remand/response to the motion to dismiss points to other pleadings about Nash and Jones's discussion of Wilson's under-insured motorist claim as a basis to conclude they had settlement authority. State Farm's response does not indicate if Nash and Jones had settlement authority. Instead, it espouses the truism that "an individual adjuster is simply a disclosed agent of the insurance company who only has the authority that the insurance company gives the adjuster."[24] State Farm thus has not introduced evidence that would take this Court down path two (a *Smallwood* track to pierce the pleadings to look at evidence to see if there is any basis to recover against Nash and Jones). Nor has State Farm asked to go down the *Smallwood* path to assess Nash and Jones's settlement authority.

Because Wilson has pled some allegations regarding Nash and Jones having settlement authority and State Farm has not offered evidence or asked for an evidentiary track, the Court accepts Wilson's allegations as true for the purpose of assessing improper joinder.[25] Accordingly, Wilson has pled facts indicating insurance adjusters with authority to settle a claim engaged in bad faith and failure to settle by

---

adjuster's liability under the Texas Insurance Code must be resolved in favor of remand." (quoting *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015))).

[24] Doc. 20 at 6.

[25] Additionally, federal courts construe close calls like this one in favor of remand. *James*, 475 F. Supp. 3d at 584; *Trejo*, 2019 WL 4545614, at *6.

8

asking for irrelevant medical records.  Because the Court cannot say there is no basis for Wilson to recover against Nash and Jones, the Court also cannot hold that Nash and Jones were improperly joined.  Because they weren't improperly joined, their presence in this case destroys federal diversity jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Wilson's motion to remand and **DISMISSES AS MOOT** State Farm's motion to dismiss.[26]

**IT IS SO ORDERED** this 22nd day of February, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[26] State Farm's motion to dismiss argues Wilson's claim is unripe because Wilson has not obtained a judicial determination of the tortfeasor's liability and Wilson's coverage under the under-insured motorist policy with State Farm.  The Court disagrees.  While Wilson did try to artfully plead around any contract claims under her State Farm policy, the Texas Supreme Court recently encountered such a situation in *In re State Farm Mutual Automobile Insurance Co.*, 629 S.W.3d 866, 877 (Tex. 2021), which both parties discuss.  There, the Texas Supreme Court held that the plaintiffs "need not add causes of action to the ongoing litigation, as they contend, for the logic of the severance-and-abatement rule to apply to bifurcation in their cases.  Nor must they file lawsuits they do not want to bring."  *Id.* (cleaned up).  Instead, the trial court would simply bifurcate the inquiry, covering the underlying tortfeasor and under-insured motorist liability first and then the extra contractual Insurance Code claims second.  *Id.* at 877–78.  Wilson's failure to plead the predicate she must prove doesn't render her extracontractual claims unripe.  It simply requires the court with jurisdiction over her claims to try her implied, predicate claims first and her express, noncontractual claims second.